FERNANDO SIERRA BERDECÍA, SECRETARY OF LABOR OF PUERTO RICO, ETC., Petitioner, v. SUPERIOR COURT OF PUERTO RICO, ARECIBO PART, RAMÓN CANCIO, JUDGE, Respondent.

No. 2043. Argued November 2, 1953.—Decided January 18, 1954.

*Joaquín Gallart Mendía* and *Guillermo Estrella Frasqueri* for the Department of Labor and for petitioner. *Luis Pérez Matos* for intervener, defendant in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In an action claiming wages brought by the Secretary of Labor in representation and on behalf of a laborer, under the authority of Act No. 10 of November 14, 1917 (Sess. Laws, Vol. II, p. 216), the District Court of Puerto Rico, Utuado Section, entered judgment on June 1, 1953 ordering the defendant to pay to petitioner the sums owing by the latter. Copy of the notice of the judgment was filed of record on the same day. Defendant appealed on the 10th of the following June. Petitioner moved for dismissal on the ground that the appeal was untimely. The Superior Court of Puerto Rico, Arecibo Part, dismissed the motion on the ground that, although in accordance with the latter Act the period to appeal was five days, counted from the filing of record of the notice of the judgment to the losing party, the term for appeal was in its opinion extended by the rules governing

appeals from the District to the Superior Court, in force since October 15, 1952. Upon reconsideration at petitioner's request, the Superior Court ratified its opinion. A writ of certiorari was issued by this Court at the request of the Secretary of Labor.

 The latter rules provide in their pertinent part:

"3. When a district judge enters a final judgment, a party feeling aggrieved may take an appeal to that part of the Superior Court which has replaced the section of the former District Court to which appeals from judgments of the different sections of the former Municipal Court of Puerto Rico were taken....

". . . . . . . .

"5. An appeal shall be taken by filing a written notice thereof with the Secretary of the part where the case was tried, after notice to the opposing counsel of record, or to the party himself if he has no counsel, within ten (10) days after the Secretary files in the record the notice of judgment as provided by law. If the notice of appeal is not filed within the said ten (10) days, the appeal shall be dismissed by the appropriate judge of the Superior Court."

The foregoing rules are provisions of a general character applicable to ordinary cases of a civil nature. However, although an action claiming wages brought under the authority of Act No. 10 of 1917, *supra*, is of a civil nature, it is not an ordinary but a special action. It so appears from a great portion of the provisions of that Act which we copy:

"Section 1.—[*As amended by Act No. 150 of 1950, Sess. Laws, p. 406.*] Whenever a workman... shall find it necessary to claim from his employer . . . any sum on account of compensation for work or labor done for said employer, . . . he may appear before the municipal court of the judicial district (now district court)[1] wherein the work was done or where said workman . . . resides, and file a complaint against the employer, which complaint shall be made out or filled in . . . by the judge or secretary of the court, . . .

"When the complaint . . . is a married woman, a court claim may be established without requirement of said party appearing . . . accompanied by her husband.

"The complaint may include the claims of all workmen or employees of the same employer who failed to receive their equities, benefits, or wages due on the same work; . . .

". . . . . . . . . .

"Against judgments entered by district courts (now superior courts), in cases of original jurisdiction, appeals may be filed with the Supreme Court within the five (5) days following notification of the judgment.

"It shall be the duty of the Secretary to transmit to the Supreme Court the original record of the case, together with a transcript of the evidence duly certified by the district judge (superior).

"Section 2.—[*As amended by the said Act of 1950.*] The judge shall issue an order for serving copy of the complaint on the defendant, warning him that he shall file his answer in writing . . . within ten (10) days after said service of notice, if made in the judicial district . . . and within fifteen (15) days in all other cases, and warning also said defendant that should he fail to do so judgment shall be entered against him granting the remedy sought, without further summons or hearing . . .

"The marshal or a private person shall serve the order of the judge. Where the defendant is not found, the order shall be served on the person who in any manner represents the said defendant in the factory . . . or place where the work originating the claims was performed. Where the defendant resides outside of Puerto Rico a summons shall be made through edicts, . . . and the defendant shall file his answer within fifteen days following the publication of the last edict.

"Section 3.—[*As amended by Act No. 182 of 1948, Sess. Laws, p. 470.*] Where the defendant files his answer to the complaint . . . the hearing shall be heard irrespective of calendar . . .

"Where the defendant shall fail to file his answer . . . the judge shall render judgment against the defendant, at the instance of the complainant, granting the remedy sought . . . *the defendant may, within five days following the service of notice of the judgment, appeal from the municipal court to the proper district court* or from the district court . . . to the Supreme Court... (Italics ours.)

---

[1] See Act No. 11 of July 24, 1952 (Spec. Sess. Laws, p. 30).

"Section 4.—[*As amended by Act No. 17 of 1945, Sess. Laws, p. 44.*] The Secretary of the court shall notify by mail, with a copy of the complaint and of the writ fixing the date for the trial, the Commissioner of Labor (now Secretary of Labor), who may intervene in the proceedings through any of the attorneys or agents of the Department of Labor.

"Section 5.—[*As amended by Act No. 182 of 1948, p. 470.*] . . . where the defendant only shall appear, the court shall dismiss the claim; . . . *the aggrieved party may, within five days following the service of notice of the judgment, appeal from the municipal court to the . . . district court, . . . or from the district court . . . to the Supreme Court . . .* (Italics ours.)

"Section 6.—[*As amended by the Act of 1945, supra.*] Before beginning the introduction of evidence the court shall pass upon all such questions of laws as may be submitted to it; . . .

"No complaint shall be dismissed for defects in form only.

"Section 7.—[*As amended by Act of 1945, supra.*] Within twenty-four (24) hours after the hearing the judge shall render judgment, affirming or dismissing the claim . . .

"Section 8.—[*As amended by Act No. 40 of 1935, Sess. Laws, p. 238.*] Any of the parties who may believe himself prejudiced by the judgment may take an appeal to the district court...

"*The appeal shall be taken by filing with the secretary of the municipal court within five days after notice is given of the sentence, a writing setting forth the intention of appealing...* (Italics ours.)

"Section 9.—[*As amended by the Act of 1935, supra.*] Within five days from and after the date on which the notice of appeal was filed, the secretary shall transmit to the *corresponding* district court *the original record of the case.* (Italics ours.)

"Section 10.—[*As amended by Act No. 13 of 1932, Sess. Laws, p. 216.*] Upon receipt of the said proceedings by the secretary of the district court, he shall report the same to the judge, who shall fix, irrespective of the calendar, a day for the hearing, within the first ten days after receipt of said proceedings; and notice thereof shall be transmitted by mail to the *Commissioner of Labor...* (Italics ours.)

"Section 11.—... where the appellant shall be the defendant and the court, . . . shall be satisfied that the said appeal was taken only for the purpose of delaying a compliance with the judgment, it shall have power to adjudge and direct the said

defendant to pay to the complainant by way of indemnity or as a punishment a sum of not to exceed one hundred (100) dollars.

"Section 12.—[*As amended by the Act of 1945, supra.*] In no case of a claim for farm wages shall more than one appeal be allowed.

". . . . . . .

"Section 13.—That the judgment affirming a claim shall direct payment to be made within five days from and after the date on which the said judgment becomes final...

"Section 14.—[*As amended by the Act of 1945, supra.*] No costs shall accrue...

In all cases where a judgment is rendered in favor of the plaintiff, if he appears represented by a private attorney, the attorney's fees shall be assessed against the defendant."

Each and everyone of the above transcribed Sections of Act No. 10 contain provisions which are different in some way from the statutes governing ordinary civil actions. It is undeniable, therefore, that Act No. 10 of 1917 is a special and specific statute on claims for wages.

It is well known that in matters which are the subject of special laws, any deficiency in such laws shall be supplied by the provisions of the general laws applicable thereto. See § 12 of the Civil Code, 1930 Ed.; *Wood* v. *Tax Court*, 71 P.R.R. 216. The special law governing the matter, as respects the point in controversy, presents no deficiencies of any kind. Consequently, it is not necessary to supply them. On the contrary, if we examine §§ 3, 5 and 8, quoted above, it will be seen that it is repeatedly stated therein that the period to appeal from the former Municipal Court to the former District Court is five days, counted from the filing of the notice of the judgment with the record.

It is also a well-known principle that a special Act on a particular subject matter should prevail over any other applicable statute of a general character. The decisions of this Court on this matter are abundant. It will be enough to cite just a few of the many decisions which lay down the rule. *Parés* v. *Canety*, 73 P.R.R. 386; *Abella* v. *Piñero*,

798

*Governor*, 66 P.R.R. 653; *People ex rel. López* v. *Pérez*, 54 P.R.R. 763; *People* v. *Buscaglia*, 54 P.R.R. 894; *Ex parte Ramos*, 53 P.R.R. 356—in which the matter is considered at length—*National Liquor Co., Inc.* v. *Sancho, Treas.* 49 P.R.R. 568; *Carlo* v. *Registrar*, 40 P.R.R. 23.

There is nothing in the rules governing appeals from the District to the Superior Court to indicate that the specific provisions of Act No. 10 of 1917, fixing a period of five days to appeal from the judgments rendered by the former Municipal Court in this type of case, are expressly repealed. A general law does not repeal a special law, unless such repeal is expressly stated. *People* v. *Nieto*, 64 P.R.R. 840. *Cf. Guerra et al.* v. *Hernández et al.*, 37 P.R.R. 97. There has been no such express repeal in the instant case. The special law should therefore prevail. *Cf. Fog* v. *District Court*, 65 P.R.R. 150.

 Since the appeal was taken nine days after the filing of record of the notice of the judgment entered in the case, the same should be dismissed.

The order appealed from is set aside and the appeal taken by defendant in the main action dismissed.